IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

BOEHRINGER INGELHEIM                )
PHARMACEUTICALS INC.,               )
BOEHRINGER INGELHEIM                )
INTERNATIONAL GMBH, and             )
BOEHRINGER INGELHEIM                )
CORPORATION,                        )
                                    )
          Plaintiffs,               )
                                    )
     v.                             )     C.A. NO. _____
                                    )
MANKIND PHARMA LTD. and             )
LIFESTAR PHARMA LLC,                )
                                    )
          Defendants.               )

## COMPLAINT

Plaintiffs, Boehringer Ingelheim Pharmaceuticals Inc.; Boehringer Ingelheim International GmbH; and Boehringer Ingelheim Corporation, by their undersigned attorneys, for their Complaint against Defendants, Mankind Pharma Ltd. and Lifestar Pharma LLC, hereby allege as follows:

## NATURE OF THE ACTION

1.     This is an action for patent infringement arising under the Food and Drug Laws and Patent Laws of the United States, Titles 21 and 35 of the United States Code, respectively, arising from Defendants' submissions of Abbreviated New Drug Applications ("ANDAs") to the Food and Drug Administration ("FDA") seeking approval to manufacture and sell a generic version of Plaintiffs' JARDIANCE® (empagliflozin) tablets prior to the expiration of United States Patent No. 11,090,323.

**THE PARTIES**

2.     Plaintiff Boehringer Ingelheim Pharmaceuticals Inc. ("BIPI") is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 900 Ridgebury Rd., Ridgefield, CT 06877.

3.     Plaintiff Boehringer Ingelheim International GmbH ("BII") is a private limited liability company organized and existing under the laws of Germany, having a principal place of business at Binger Strasse 173, 55216 Ingelheim, Germany.

4.     Plaintiff Boehringer Ingelheim Corporation ("BIC") is a corporation organized and existing under the laws of Nevada, having a principal place of business at 900 Ridgebury Road, Ridgefield, CT, 06877.

5.     BIPI, BII, and BIC are collectively referred to hereinafter as "Boehringer" or "Plaintiffs."

6.     On information and belief, Defendant Mankind Pharma Ltd. ("Mankind Pharma") is a corporation organized and existing under the laws of India, having a principal place of business at 208 Okhla Industrial Estate, Phase III, New Delhi, India 110020.

7.     On information and belief, Mankind Pharma controls and directs a wholly owned subsidiary in the United States named Lifestar Pharma LLC ("Lifestar"). Lifestar is a Delaware limited liability company having a principal place of business at 1200 MacArthur Blvd, Mahwah, New Jersey 07430.

8.     Mankind Pharma and Lifestar are collectively referred to hereinafter as "Mankind."

9.     On information and belief, Mankind Pharma is in the business of, among other things, developing, preparing, manufacturing, selling, marketing, and distributing generic drugs, including distributing, selling, and marketing generic drugs throughout the United States,

including within the state of Delaware, through its own actions and through the actions of its agents and subsidiaries, including Lifestar, from which Mankind Pharma derives a substantial portion of its revenue.

10.   On information and belief, Mankind Pharma acted in concert with Lifestar to prepare and submit ANDA No. 212283 (the "Mankind ANDA") for Mankind Pharma's 10 mg and 25 mg empagliflozin tablets (the "Mankind ANDA Products"), which was done at the direction of, under the control of, and for the direct benefit of Mankind Pharma. Following FDA approval of the Mankind ANDA, Mankind Pharma will manufacture and supply the approved generic products to Lifestar, which will then market and sell the products throughout the United States at the direction, under the control, and for the direct benefit of Mankind Pharma.

## JURISDICTION AND VENUE

11.   This action arises under the patent laws of the United States, 35 U.S.C. §§ 100 *et seq.*, generally, and 35 U.S.C. § 271(e)(2), specifically, and this Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

12.   Venue is proper in this Court because, among other things, Lifestar is incorporated in the State of Delaware and therefore "resides" in this judicial district and/or has committed acts of infringement in this district and has a regular and established place of business in this district. 28 U.S.C. § 1400(b). Mankind Pharma is a foreign corporation not residing in any United States district and may be sued in any judicial district. 28 U.S.C. § 1391(c).

## PERSONAL JURISDICTION OVER MANKIND PHARMA

13.   Plaintiffs reallege paragraphs 1-12 as if fully set forth herein.

14.   On information and belief, Mankind Pharma develops, manufactures, and/or distributes generic drugs for sale and use throughout the United States, including in this judicial district.

3

15.    This Court has personal jurisdiction over Mankind Pharma because, *inter alia*, Mankind Pharma, on information and belief: (1) has substantial, continuous, and systematic contacts with this State either directly or through at least one of its wholly-owned subsidiaries or agents; (2) intends to market, sell, and/or distribute Mankind Pharma infringing ANDA Products to residents of this State upon approval of ANDA No. 212283, either directly or through at least one of its wholly-owned subsidiaries or agents; (3) enjoys substantial income from sales of its generic pharmaceutical products in this State on its own and through Lifestar, which is a Delaware corporation; and (4) wholly owns Lifestar, which is a Delaware company.

16.    Alternatively, to the extent the above facts do not establish personal jurisdiction over Mankind Pharma, this Court may exercise jurisdiction over Mankind Pharma pursuant to Fed. R. Civ. P. 4(k)(2) because: (a) Plaintiffs' claims arise under federal law; (b) Mankind Pharma would be a foreign defendant not subject to personal jurisdiction in the courts of any State; and (c) Mankind Pharma has sufficient contacts with the United States as a whole, including, but not limited to, filing ANDAs with the FDA and manufacturing and selling generic pharmaceutical products that are distributed throughout the United States, such that this Court's exercise of jurisdiction over Mankind Pharma satisfies due process.

## PERSONAL JURISDICTION OVER LIFESTAR

17.    Plaintiffs reallege paragraphs 1-16 as if fully set forth herein.

18.    On information and belief, Lifestar develops, manufactures, and/or distributes generic drugs for sale and use throughout the United States, including in this judicial district.

19.    This Court has personal jurisdiction over Lifestar because, *inter alia*, Lifestar, on information and belief: (1) is organized under the laws of the State of Delaware; (2) intends to market, sell, or distribute Mankind's ANDA Products to residents of this State; (3) is controlled

by Defendant Mankind Pharma; (4) makes its generic drug products available in this State; and (5) enjoys substantial income from sales of its generic pharmaceutical products in this State.

## BACKGROUND

### U.S. PATENT NO. 11,090,323

20.    On August 17, 2021, the USPTO duly and legally issued United States Patent No. 11,090,323 ("the '323 patent") entitled "Pharmaceutical composition, methods for treating and uses thereof" to inventors Uli Christian Broedl, Sreeraj Macha, Maximilian von Eynatten, and Hans-Juergen Woerle. A true and correct copy of the '323 patent is attached as Exhibit A. The '323 patent is assigned to BII. BIC and BIPI are licensees of the '323 patent.

### JARDIANCE®

21.    BIPI is the holder of New Drug Application ("NDA") No. 204629 for empagliflozin, for oral use, in 10 mg and 25 mg dosages, which is sold under the trade name JARDIANCE®.

22.    Pursuant to 21 U.S.C. § 355(b)(1), and attendant FDA regulations, the '323 patent is among the patents listed in the FDA's Approved Drug Products with Therapeutic Equivalence Evaluations database ("Orange Book") with respect to JARDIANCE®.

23.    The '323 patent covers the JARDIANCE® product and its use.

### ACTS GIVING RISE TO THIS ACTION

### COUNT I—INFRINGEMENT OF THE '323 PATENT AS TO THE MANKIND EMPAGLIFLOZIN ANDA

24.    Plaintiffs reallege paragraphs 1-23 as if fully set forth herein.

25.    On information and belief, Mankind submitted the Mankind empagliflozin ANDA to the FDA, pursuant to 21 U.S.C. § 355(j), seeking approval to market the Mankind empagliflozin products.

26.     Mankind has represented that the Mankind empagliflozin ANDA refers to and relies upon the JARDIANCE® NDA and contains data that, according to Mankind, demonstrate the bioavailability or bioequivalence of the Mankind empagliflozin products to JARDIANCE®.

27.     Plaintiffs received a letter from Mankind on or about November 11, 2021 stating that Mankind had included a certification in the Mankind empagliflozin ANDA, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV), that, *inter alia*, certain claims of the '323 patent are either invalid or will not be infringed by the commercial manufacture, use, or sale of the Mankind empagliflozin products (the "Mankind Empagliflozin Paragraph IV Certification"). Mankind intends to engage in the commercial manufacture, use, importation, offer for sale, and/or sale of the Mankind empagliflozin products prior to the expiration of the '323 patent.

28.     Mankind has infringed at least one claim of the '323 patent, pursuant to 35 U.S.C. § 271(e)(2)(A), by submitting, or causing to be submitted the Mankind empagliflozin ANDA, by which Mankind seeks approval from the FDA to engage in the manufacture, use, offer to sell, sale, or importation of the Mankind empagliflozin products prior to the expiration of the '323 patent.

29.     Mankind has declared its intent to manufacture, use, offer to sell, or sell in the United States or to import into the United States, the Mankind empagliflozin products in the event that the FDA approves the Mankind empagliflozin ANDA. Accordingly, an actual and immediate controversy exists regarding Mankind's infringement of the '323 patent under 35 U.S.C. §§ 271 (a), (b), and/or (c).

30.     Mankind's manufacture, use, offer to sell, or sale of the Mankind empagliflozin products in the United States or importation of the Mankind empagliflozin products into the United States during the term of the '323 patent would further infringe at least one claim of the '323 patent under 35 U.S.C. §§ 271 (a), (b), and/or (c).

31.    On information and belief, the Mankind empagliflozin products, when offered for sale, sold, and/or imported, and when used as directed, would be used in a manner that would directly infringe at least one of the claims of the '323 patent either literally or under the doctrine of equivalents.

32.    On information and belief, the use of the Mankind empagliflozin products constitutes a material part of at least one of the claims of the '323 patent; Mankind knows that its empagliflozin products are especially made or adapted for use in infringing at least one of the claims of the '323 patent, either literally or under the doctrine of equivalents; and its empagliflozin products are not staple articles of commerce or commodities of commerce suitable for substantial noninfringing use.

33.    On information and belief, the offering to sell, sale, and/or importation of the Mankind empagliflozin products would contributorily infringe at least one of the claims of the '323 patent, either literally or under the doctrine of equivalents.

34.    On information and belief, Mankind had knowledge of the '323 patent and, by at least its package inserts for its empagliflozin products, knows or should know that they will aid and abet another's direct infringement of at least one of the claims of the '323 patent, either literally or under the doctrine of equivalents.

35.    On information and belief, the offering to sell, sale, and/or importation of the Mankind empagliflozin products by Mankind would actively induce infringement of at least one of the claims of the '323 patent, either literally or under the doctrine of equivalents.

36.    Plaintiffs will be substantially and irreparably harmed if Mankind is not enjoined from infringing the '323 patent.

37. This is an exceptional case within the meaning of 35 U.S.C. § 285, which warrants reimbursement of Boehringer's reasonable attorney fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment against Mankind and for the following relief:

a. A Judgment be entered that Mankind has infringed at least one claim of the '323 patent by submitting the Mankind empagliflozin ANDA;

b. That Mankind, its officers, agents, servants, employees, and those persons acting in active concert or participation with all or any of them be preliminarily and permanently enjoined from: (i) engaging in the commercial manufacture, use, offer to sell, or sale within the United States, or importation into the United States, of drugs or methods of administering drugs claimed in the '323 patent, and (ii) seeking, obtaining or maintaining approval of the Mankind empagliflozin ANDA until the expiration of the '323 patent or such other later time as the Court may determine;

c. A judgment ordering that pursuant to 35 U.S.C. § 271(e)(4)(A), the effective date of any approval of Mankind's empagliflozin ANDA under § 505(j) of the Federal Food, Drug and Cosmetic Act (21 U.S.C. § 355(j)) shall not be earlier than the expiration dates of the '323 patent, including any extensions;

d. That Boehringer be awarded monetary relief if Mankind commercially uses, offers to sell, or sells its respective proposed generic versions of JARDIANCE® or any other product that infringes or induces or contributes to the infringement of the '323 patent, within the United States, prior to the expiration of this patent, including

any extensions, and that any such monetary relief be awarded to Boehringer with prejudgment interest;

e.    A Judgment be entered that this case is exceptional, and that Plaintiffs are entitled to their reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

f.    Costs and expenses in this action; and

g.    Such other and further relief as the Court deems just and appropriate.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Brian P. Egan*

OF COUNSEL:

Jeanna M. Wacker
Mira A. Mulvaney
Sam Kwon
Ashley L.B. Ross
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY  10022
(212) 446-4679

James F. Hurst
Bryan S. Hales
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL  60654
(312) 862-2000

December 16, 2021

Jack B. Blumenfeld (#1014)
Brian P. Egan (#6227)
Megan E. Dellinger (#5739)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@morrisnichols.com
began@morrisnichols.com
mdellinger@morrisnichols.com

*Attorneys for Plaintiffs*