IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BOEHRINGER INGELHEIM PHARMACEUTICALS INC., BOEHRINGER INGELHEIM INTERNATIONAL GMBH and BOEHRINGER INGELHEIM CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>MANKIND PHARMA LTD. et al.,<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | C.A. No. 18-1689 (CFC) (SRF)<br>CONSOLIDATED |
| BOEHRINGER INGELHEIM PHARMACEUTICALS INC., BOEHRINGER INGELHEIM INTERNATIONAL GMBH and BOEHRINGER INGELHEIM CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>MANKIND PHARMA LTD, et al.,<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | C.A. No. 19-1498 (CFC) |

| | |
|---|---|
| BOEHRINGER INGELHEIM PHARMACEUTICALS INC., BOEHRINGER INGELHEIM INTERNATIONAL GMBH and BOEHRINGER INGELHEIM CORPORATION,<br><br>            Plaintiffs,<br><br>       v.<br><br>LUPIN LTD. et al.,<br><br>            Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) C.A. No. 21-1485 (CFC)<br>) CONSOLIDATED<br>)<br>)<br>)<br>) |
| BOEHRINGER INGELHEIM PHARMACEUTICALS INC., BOEHRINGER INGELHEIM INTERNATIONAL GMBH and BOEHRINGER INGELHEIM CORPORATION,<br><br>            Plaintiffs,<br><br>       v.<br><br>MANKIND PHARMA LTD, et al.,<br><br>            Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) C.A. No. 21-1766 (CFC)<br>)<br>)<br>)<br>)<br>) |

**CONSENT JUDGMENT BETWEEN BOEHRINGER
AND MANKIND AND LIFESTAR DEFENDANTS**

WHEREAS Plaintiffs Boehringer Ingelheim International GmbH, Boehringer Ingelheim Corporation and Boehringer Ingelheim Pharmaceuticals, Inc. (collectively, "Boehringer") and Defendants Mankind Pharma Ltd. and LifeStar

2

Pharma LLC (collectively, "Mankind") have agreed to terms and conditions representing a negotiated resolution of Civil Action Nos. 18-1689-CFC (D. Del.) and 19-1498-CFC (D. Del.), which have been consolidated into Civil Action No. 18-1689-CFC (D. Del.), and Civil Action No. 21-1766-CFC (D. Del), which has been consolidated with Civil Action No. 21-1485-CFC (D. Del.); and

WHEREAS the following definitions shall apply to this Consent Judgment:

(i) "the '957 Patent" means U.S. Patent No. 8,551,957;

(ii) "the '998 Patent" means U.S. Patent No. 9,949,998;

(iii) "the '637 Patent" means U.S. Patent No. 10,258,637;

(iv) "the '323 Patent" means U.S. Patent No. 11,090,323;

(iv) "Mankind ANDA Products" means the products described in Abbreviated New Drug Application No. 212283, including 10 mg and 25 mg empagliflozin tablets as generic versions of Jardiance as existing on the Effective Date, and as amended or supplemented from time to time in the ordinary course of business; and

(vi) "Affiliate" means any entity controlling, controlled by, or under common control with a Party, but only as long as such control continues, where "control" means: (a) the ownership of more than fifty percent (50%) of the equity or beneficial interest of such entity, or the right to vote for or appoint a majority of the board of directors or other governing body of such entity; or (b) the power to directly or

indirectly direct or cause the direction of the management and policies of such entity by any means whatsoever;

The parties, by their respective undersigned attorneys, hereby stipulate and consent to entry of judgment in this action as follows:

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. This Court has jurisdiction over the subject matter of this action and has personal jurisdiction over the parties.

2. The '957, '998,'637, and '323 patents are valid, enforceable, and infringed by the Mankind ANDA Products.

3. Unless specifically authorized or otherwise modified between the parties, Mankind, including any of its successors and assigns, is enjoined from making, having made, using, selling, offering to sell, or importing the Mankind ANDA Products in the United States, on its own or through any Affiliate, officer, agent, servant, or employee, or through any person in concert or coordination with Mankind or its Affiliates, through and until the expiration of the '957 Patent, the '998 Patent, the '637 Patent, and the '323 Patent including any patent term extension, patent term adjustment, or pediatric exclusivity. If Boehringer becomes entitled to any other regulatory exclusivities that are not referenced herein, Boehringer may apply to the Court for modification of the consent judgment to incorporate such specified exclusivity.

4. This Court retains jurisdiction to enforce performance under this Consent Judgment and any related agreement(s). The Parties agree that, in the event of violation of the terms of this Consent Judgment or any related agreement(s), this Court has personal jurisdiction over the parties and venue for an action to enforce performance under this Consent Judgment, including for a preliminary injunction against the breaching conduct and the Parties hereby waive any and all defenses based on lack of personal jurisdiction or venue.

5. The Complaints in Civil Action Nos. 18-1689-CFC (D. Del.), 19-1498-CFC (D. Del.), and 21-1766-CFC (D. Del.), and all remaining claims, counterclaims, or affirmative defenses in these actions, are dismissed without prejudice and without costs, disbursements, or attorneys' fees to any party.

| MORRIS, NICHOLS, ARSHT & TUNNELL LLP | BLANK ROME LLP |
|---|---|
| */s/ Megan E. Dellinger* | */s/ Adam V. Orlacchio* |
| Jack B. Blumenfeld (#1014)<br>Brian P. Egan (#6227)<br>Megan E. Dellinger (#5739)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899<br>(302) 658-9200<br>jblumenfeld@morrisnichols.com<br>began@morrisnichols.com<br>mdellinger@morrisnichols.com<br><br>*Attorneys for Plaintiffs* | Adam V. Orlacchio (# 5520)<br>Anna E. Currier (#6721)<br>James G. Gorman III (#6284)<br>1201 N. Market Street, Suite 800<br>Wilmington, DE 19801<br>(302) 425-6431<br>adam.orlacchio@BlankRome.com<br>anna.currier@BlankRome.com<br>james.gorman@BlankRome.com<br><br>*Attorney for Defendants Mankind Pharma Ltd. and LifeStar Pharma LLC* |

5

**SO ORDERED** this _____ day of _____ 2023.

_____
The Honorable Colm F. Connolly
Chief, United States District Judge